**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4114**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL JAY SCOTT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:11-cr-00151-TDS-1)

Submitted:  August 20, 2020                    Decided:  August 25, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, Eleanor T. Morales, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Jay Scott, Jr., appeals the 24-month sentence imposed upon revocation of his supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Scott's revocation sentence is plainly unreasonable. Scott was advised of his right to file a supplemental brief, but he has not done so. The Government has declined to file a response brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation and internal quotation marks omitted). "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable."

2

*United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2018); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Slappy*, 872 F.3d at 208.

We conclude that Scott's sentence, which was at the top of the accurately calculated policy statement range, is not plainly unreasonable. The district court considered Scott's request for the revocation sentence to run concurrently with his state sentence but ultimately concluded that his significant breach of trust and the applicable § 3553(a) factors warranted a consecutive sentence. *See* USSG § 7B1.3(f), p.s. (recommending consecutive sentences); *cf. United States v. Coombs*, 857 F.3d 439, 451 (1st Cir. 2017) (explaining that consecutive sentences are appropriate and that, "[w]ere the rule otherwise, a defendant would effectively escape meaningful punishment for violating his supervised release conditions"). When explaining the sentence, the court acknowledged Scott's drug

3

addiction but emphasized his failure to complete a drug treatment program and his continued association with people who use drugs and possess firearms.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*